FILED
SUPERIOR COURT
OF GUAM

2022 FEB 28 PM 12: 23

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>Plaintiff,<br><br>vs.<br><br>**JOEY QUINTANILLA AQUININGOC,**<br>DOB: 4/10/1966<br>Defendant. | **Criminal Case No.: CF0690-19**<br>**GPD Report No.: 19-32949**<br><br><br><br>**DECISION AND ORDER**<br>**DENYING DEFENDANT'S MOTION**<br>**TO DISMISS** |

This matter came before the Honorable Dana A. Gutierrez on November 30, 2021 for a hearing on Defendant Joey Quintanilla Aquiningoc's ("Aquiningoc") Motion to Dismiss ("Motion"). Present via Zoom were Aquiningoc; Attorney Peter C. Perez representing Aquiningoc; and Assistant Attorney General Sean Brown representing the People of Guam. Having considered the arguments and briefs presented by the parties as well as the applicable law, the Court now issues this Decision and Order **DENYING** Aquiningoc's Motion to Dismiss.

## BACKGROUND

On December 18, 2019, Aquiningoc was charged, via Magistrate's Complaint, with Two Counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony). Mag. Compl. (Dec. 18, 2019). At the Magistrate's Hearing, Aquiningoc was committed pending the posting of cash bail in the amount of $15,000. Min. Entry (Dec. 18, 2019); Commitment Order (Dec. 18,

2019). On December 20, 2019, Aquiningoc paid his cash bail and was released with conditions. Bail Payment Receipt (Dec. 20, 2019); Order of Conditional Release (Dec. 20, 2019).

On December 26, 2019, a grand jury indicted Aquiningoc on Two Counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony). Indictment (Dec. 26, 2019). Aquiningoc has been released with conditions since December 20, 2019.

On September 23, 2021, Aquiningoc filed the present Motion to Dismiss. The People filed their Opposition to the Motion to Dismiss on September 29, 2021. Aquiningoc filed his Reply to the People's Opposition on October 15, 2021. The Court heard oral argument from the parties on November 30, 2021 and subsequently took the matter under advisement.

## DISCUSSION

Aquiningoc moves this Court to dismiss the Indictment filed against him with prejudice arguing that the citation given to Aquiningoc when he was arrested lacked an appearance date. Motion, at 1. Aquiningoc argues that pursuant to the holdings in *People v. Palomo*, 1998 Guam 12 and *People v. Villapando*, 1999 Guam 31, dismissal is mandated under 8 GCA § 25.30 because the Notice to Appear was executed and entered into police records but no date and time was written in the Notice to Appear ("NTA"). Reply, at 1. Aquiningoc asserts that because no date was included on the NTA, the "execution date" of the NTA constitutes the "appearance date," and therefore, any Complaint would have had to be filed on the date the NTA was executed, specifically December 17, 2019. Min. Entry, at 1:35:38 PM (Nov. 30, 2021).

In Opposition, the People argue that the holdings in *Palomo* and *Villapando* are not applicable to the case at bar because Aquiningoc was arrested and booked on December 17, 2019, but instead of being released with an NTA, Aquiningoc was held in Guam Police

Department custody pending his initial court appearance. Opp., at 2. The day after his arrest and confinement, the People filed their Magistrate's Complaint charging Aquiningoc with the crimes listed above. *Id.* The People acknowledge that 8 GCA §§ 25.20–25.30 require a date and time to be included on the NTA, but only "if the police determine that he should be released," which was not the case here. *Id.*

### A.    *Palomo* and *Villapando* Are Distinguishable from This Case.

In *People v. Palomo*, 1998 Guam 12, Defendant Palomo was arrested for Driving Under the Influence of Alcohol ("DUI"). *Id.* at ¶ 2. Palomo was booked and released, and when he was released, he was given a copy of his NTA which ordered him to appear before the Superior Court on November 29, 1995. *Id.* On the date of his NTA, Palomo had not yet been served with a Complaint pursuant to 8 GCA § 45.20, nor was Palomo advised not to appear. *Id.* Then, on March 19, 1996, the People filed their Complaint charging Palomo with a DUI. *Id.*

Under these facts, the Guam Supreme Court interpreted 8 GCA § 25.30 as the creation of a "*de facto* statute of limitations." *Palomo*, 1998 Guam 12 ¶ 14. Title 8 GCA § 25.30 provides:

> The officer shall forthwith deliver the copy of the notice to appear to the prosecuting attorney charged with the duty to prosecute the offense charged. At or before the time at which the person promised to appear, if the prosecuting attorney determines that the offense should be prosecuted, he shall file the notice to appear and a complaint and affidavits which satisfy the requirements of § 45.20 in the court in which the person has promised to appear. If the prosecuting attorney determines that the offense should not be prosecuted he shall make a reasonable effort to notify the person arrested that his appearance will not be required.

The *Palomo* Court found that if the People choose to prosecute its case pursuant to 8 GCA § 25.30 by issuing an NTA, they are bound by the language of § 25.30 which mandates the People act prior to the NTA date. *Id.* at ¶ 14. Therefore, in Palomo's case, because the People

failed to either file a Complaint prior to his NTA date or advise the defendant that he need not appear on his NTA date, the People did not comply with § 25.30's *de facto* statute of limitations, and the trial court properly dismissed the case. *Id.*

In *People v. Villapando*, 1999 Guam 31, the Guam Supreme Court considered the issue of whether the holding in *Palomo* applies to felony cases. *Villapando*, 1999 Guam 31 ¶¶ 1-2. The appeal consolidated the cases of sixteen different defendants. *Id.* at ¶¶ 3-20. As was the case for Palomo, all sixteen defendants in *Villapando* were booked and *released* and given a citation with an NTA that included respective dates and times on the NTA. *Id.* The *Villapando* Court ultimately reasoned that the § 25.30 statute of limitations applies to felony cases in the same way it applies to misdemeanor cases. *Id.* at ¶¶ 43-44.

The case at bar is distinguishable from both *Palomo* and *Villapando* because Aquiningoc was not booked and *released*. *Compare* Mot. to Dismiss, Attachment Arrest Record (copy of Aquiningoc's Arrest Record which states that Aquiningoc was "released to: Department of Corrections"), *with People v. Palomo*, 1998 Guam 12; *People v. Villapando*, 1999 Guam 31. Aquiningoc admits that he was not released, but rather was taken into custody. Min. Entry, at 1:35:38 PM (Nov. 30, 2021). On December 18, 2019, the day after his arrest and confinement, the People filed their Magistrates Complaint and Aquiningoc was brought before the Magistrate for his Magistrate's Hearing.

Because Aquiningoc was held and not released, unlike the defendants in *Palomo* and *Villapando*, this case has an important distinction from the cases on which Aquiningoc relies. Therefore, the holdings of *Palomo* and *Villapando* are not controlling on the issue of whether the present case must be dismissed.

### B. Because Aquiningoc Was Not Released, Title 8 GCA §§ 45.10–45.20 Are Applicable in This Case.

Guam's statute prescribing the Notice to Appear "form" requirements, specifically 8 GCA § 25.20, clearly states that it applies only "[i]f an officer determines that the person arrested should be released[.]" If the officer does determine that release is appropriate, the decision to release the defendant then triggers the requirement for the officer to "prepare in duplicate a written notice to appear in court, containing . . . the time and place when and where the person shall appear in court." 8 GCA § 25.20(a).

By contrast, if the person arrested is not released, the officer into whose custody the person is placed may instead take "such person before a judge as required by § 45.10." *See* 8 GCA § 25.10(a); *see also* 8 GCA § 45.30(a) ("At the time the defendant is brought before the court pursuant to § 45.10 **or** appears pursuant to a summons issued pursuant to Chapter 15 (commencing with § 15.10) **or** a notice to appear pursuant to § 25.20, the court shall inform the defendant [of various rights].") (emphasis added). Title 8 GCA § 45.10(a) and (c) provide that:

> (a) An officer making an arrest under a warrant or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before a judge of the Superior Court.
> [ . . . ]
> (c) The person arrested shall in all cases be taken before the judge within forty-eight (48) hours after the arrest, except that when the forty-eight (48) hour period expires, it is the burden of the government to demonstrate that a bona fide emergency or an extraordinary circumstance existed.

Further, 8 GCA § 45.20(a) provides that:

> (a) Where a person is arrested without a warrant, at or before the time he is brought before the court pursuant to § 45.10, the prosecuting attorney shall file a complaint which satisfies the requirements of § 15.10 and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it.

Upon a review of the above statutes, it is clear that 8 GCA §§ 45.10–45.20 apply to the case at bar rather than 8 GCA § 25.30 which applies to defendants who are booked and released. Here, Aquiningoc was committed at DOC and brought before a magistrate judge the day after his arrest, which is within 48 hours of his arrest and was "without unnecessary delay." 8 GCA § 45.10; Mot. to Dismiss, Attachment (stating that Aquiningoc was "released to: Department of Corrections"); Min. Entry, Magistrate's Hearing (Dec. 18, 2019). At the time of Aquiningoc's first appearance pursuant to § 45.10, the People filed their Magistrate's Complaint along with an affidavit showing probable cause to believe that Aquiningoc committed the offenses charged, as required by 8 GCA § 45.20(a). Mag. Compl. (Dec. 18, 2019).

Thus, based on the aforementioned facts, the People have satisfied the requirements under 8 GCA §§ 45.10–45.20. Although the "Arrest Record" document attached to Aquiningoc's Motion to Dismiss does include a section titled "Notice to Appear," the NTA requirements under 8 GCA §§ 25.20–25.30 did not apply to the case at bar. The NTA section of the "Arrest Record" document was not applicable to Aquiningoc's case because he was not released upon his arrest. Accordingly, this Court must deny Aquiningoc's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons and in accordance with the applicable law, the Court hereby **DENIES** Aquiningoc's Motion to Dismiss.

SO ORDERED: FEB 2 8 2022

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG; Peter C. Perez

Date: 2/28/22 .-np· 11:25
Superior Court of Guam

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

6